This case on the dot is Street Gang, 18-0610, Davis, Illinois, et al., Plaintiffs Appellees v. Latin Kings Street Gang, et al., Defendants Appellants. Arguing on behalf of the Defendants Appellants, Mr. Soren Lager. Arguing on behalf of the Plaintiffs Appellees, Ms. Megan Alex Baxter. Thank you.  Mr. Lager. Lager. Thank you. Good morning. May I please report? Soren Lager on behalf of the Appellants. With me this morning is Mr. John Malk, a senior partner at our firm. On August 11, 2017, after seven years of litigation, the trial court correctly held that none of the appellants here were actually, and in fact, members of a gang, either at the time the state filed its lawsuit or at any time after. Does the court make any findings as to whether or not they were gang members when the suit commenced? I don't believe so, although the evidence does show that they were not gang members for well before the time the lawsuit was filed. But the question was, what did the trial court find? The trial court found that they were not gang members at the time the lawsuit was filed or at any time afterwards. The trial just found they were not gang members when the lawsuit was filed? Correct. Do you know where in the record that's indicated by any chance? I believe that's reflected in the order, in the order that was issued after the trial. I mean, wouldn't that be a critical question? Yes, and I believe it was answered in our favor of the appellants here. And that's in the record somewhere, you believe? I believe that's in the court order. Okay. The trial court, however, incorrectly held that the state's seven-year effort in branding them as gang members and seeking to enjoin their First Amendment activities did not substantially burden their religious exercise and was also wrong for not sanctioning the state for violations of the Bill of Rights within Formals 213 and 137. Well, let's take the first issue first. What were they prevented from doing? It seemed to me there was a controversy about whether they were actually prevented from exercising their religious freedom. Correct. And there's multiple layers to that, so I'm going to try to answer that in the best way that I can. So first, appellants demonstrated several burdens which are, in fact, substantial. They each, for example, provided clear testimony of the chilling effect that the state's prosecution had on their religious activities. Well, that could be a vague term, chilling effect. You've got to give us some examples of how were they actually affected. Yes, Your Honor. It's important to note that the appellant's main argument was that we are not actually gang members. The state's main argument is, yes, you are gang members. And one of the factors that the state used to determine whether someone was actually a gang member was communication with known gang members. And that placed the appellants in a very difficult position because the appellants wanted to continue to communicate with gang members. They believed it was their religious mission, it was their religious calling to bring people out of gangs, to share the love of Jesus with them, to minister to them. But doing so carried a risk of liability because the state used those activities to argue that they are still gang members. And I'll provide an example. An important incident that happened at the court below was the funeral of a Latin King member. After a Latin King member died, there was a funeral that was held across the street from the appellant's church. The appellants attended their funeral for the purpose of comforting the family, ministering to them, praying for them, showing them love. And yet the state used those religious activities throughout the entire trial, and in fact even argues it today in its brief to the court, that their religious activities there was a strong indicator that the appellants were actually gang members. So the state used communication with gang members to argue that they were still gang members. And so the appellants were not free to engage in religious ministry. They were faced with a coercive choice. We can either continue our ministry and face liability under the Gang Act, or we can abandon those ministries so that we can prevail on our argument that we are not actually gang members. What about the argument, perhaps the state had made this earlier, that they had previously evangelized through telephone contacts, text messages, and other ways, and they were not stopped from doing that? There was some private evangelism, but they also started to evangelize publicly, and that's sometimes the most effective way to evangelize, to go out into the public to meet people at coffee shops, to have conversations openly with them, instead of hiding in the house. They're entitled to go out there and to evangelize with people and to share the love of Jesus, to hold rallies, to invite people to church. All right, so even if we accept that argument, you make some legitimate points, were they confined to the Elgin area? Couldn't they have gone out in other areas? And how would that have been a violation? Well, certainly they could have gone to different areas, but their ministry, their calling was to this gang community here in Elgin. They were called specifically to this group of people, not to people in Skokie or Niles. They left the gang in Elgin. They knew the gang members. This was their mission field in Christian parlance, and they had a right to minister here in Elgin. Just because you have the right to minister somewhere else does not mean that your rights are not violated here in Elgin. So the trial judge ruled against the defendants on that issue, the religious freedom issue, correct? Correct. And what was the basis for that ruling against them on that issue? The court only focused on, quote, whether the state, quote, prevented or attempted to prevent the religious exercise. That was the court's argument, that they weren't prevented or that the state didn't attempt to prevent. And we don't think that's the proper standard here. Does that mean that the trial court took into consideration, I believe, that there was no attempt for a preliminary injunction? Well, I'm not sure how to answer that. The court only focused on one. Answer it to the best of your abilities. Could you repeat the question? I'm sorry. Okay. If the state and the city had attempted to obtain a preliminary injunction, would that be an issue of attempt to limit and intimidate? I think it would be. But here, the proper standard is not whether. But what if probable cause, irreparable harm, and probability of success was established for a preliminary injunction? If they had achieved a preliminary injunction, that would certainly be a substantial burden. But here, the proper standard is not whether they were actually prevented from going out into the streets. Neither RFRA nor its sister statutes or LUPA define what a substantial burden is. So courts have had to craft their own definitions of substantial burden. And what we've provided this court is several different cases from different contexts, so different courts defining substantial burden. So summarize your best recapitulation of what the standard is. The standard here is, as was called in Corte, Corte versus Sebelius, pressure to modify one's behavior. That is a standard that is very common in substantial burden analysis. And the other one, which goes through our second substantial burden argument, is the World Outreach Standard, where the lawsuit itself was a substantial burden under religious exercise. In the city of Chicago versus World Outreach, Chicago filed a lawsuit against this ministry, seeking to shut it down because it didn't have special use permits. The ministry did not need special use permits to operate, and the lawsuit itself was frivolous. The court held that the lawsuit itself, which imposed a distraction... But was it because the lawsuit was frivolous, or because there was a basis for it? There was no basis for it. Right, so that's different than in this case. Well, here, our argument is after 2013... No, but we're talking about when it was filed. Yes, so when it's filed, the substantial burden is this chilling effect on our ministry. It's having to choose... That's prevention, correct? That goes back to prevention, which is what the trial court focused on. Isn't that correct? Well, again, prevention is not the proper standard here. It is a prevention. We effectively prevented. So it is prevention or it isn't prevention? Which is your argument? It is prevention, but we don't have to show prevention in order to prevail on substantial burden. The fact that we were pressured to modify our behavior so that we would avoid liability is enough to show a substantial burden. And, yes, effectively we were prevented, but prevention is not the standard here. All right, I think your argument in there is fairly clear. Let's get into the more complicated issue of the sanctions. The trial court denied sanctions, correct? Correct. And the evidence seems to indicate that the case was litigated for years after the police had concluded that the defendants were no longer active gang members, correct? That's exactly right. Okay, so how long after the suit commenced did the Elgin police decide that they were not gang members? So the suit commenced in 2010. Sometime around 2013, the state itself removed them from the gang roster. And then the suit commenced for another year. You said the state. Do you mean the city or the state? I'm sorry, the city of Elgin removed them from the gang roster. The city or the police department? Or do you know? It's the Elgin police department. Well, that's a different entity than the city, isn't it? Who took the action to remove the names? I believe it was the Elgin police department. Okay, thank you. Yeah, it would have to be the PD. I believe so. It was the Elgin Municipal Corporation, I guess is what I'm trying to say. Well, the PD would communicate to the city. Correct, correct. Correct, okay. The city knew that they were not on the roster. And the record shows that was done when? Sometime around 2013. And the litigation continued on for how many years? The trial was in 2017, so four years until trial and now two additional years here on the court. When did the state's attorney learn of it? I'm sorry? When did the state's attorney learn that the police department removed the name? I believe it must have been at the same time, around 2013. Do you know or are you speculating? You don't know for sure. I don't know for sure, and I don't know if it's in the record. But we know that we requested an interrogatory, tell us when we were on the list, and the state concedes that it never supplemented their discovery responses. Now, let's spend that time because I think that's a critical issue in this case. So you had asked them to supplement the original discovery information on this topic? We didn't ask them to supplement. They have an ongoing duty. Right, they have an ongoing duty. Did they ever tell you in those intervening years that they had been removed from the gang list? No, only on the eve of trial. Okay. And so they don't dispute that. They concede that they never supplemented their responses. Their only argument is, well, look, you guys shouldn't have been surprised that you were removed and there was no prejudice. But it certainly is a surprise to learn that when you're on trial for being actually and, in fact, a gang member, that the state has not actually considered you a gang member for the last four years. Well, the issue of prejudice becomes an adjunct issue, but you're saying it's not disputable here for them that they did know that they were removed and nobody communicated it to you, correct? That's correct. The other sanctions is under Rule 137, and under Rule 137 there's a duty that your filings, that your arguments be grounded in fact and law. And our argument is after 2013, after they were removed from the gang roster, there was no longer any basis for, it was not well-grounded in fact or law after that. Well, are you saying that, as far as you're concerned, sanctions should have run from 2013 when the names were removed from the police docket? That is our argument. You're not seeking sanctions from the time of the filing of the petition for adjunct and relief? Well, a good argument can be made that sanctions should be from the time of the petition. I'm not asking you about whether there's a good argument. I'm asking you what I asked you, which was, are you seeking fees from the date of the filing of the petition? We're seeking sanctions from 2013 onward. Thank you. All right. I have to ask a final, candid question. Part of your underlying theme here for the delay, this went on for years, was the state didn't supplement the discovery, but didn't the defense ask for a number of these continues? Who was asking that the litigation be continued for purposes of preparation? Was the state doing that or was your side of the case doing that? Your Honor, in our estimation, about 75 percent of the delays in motions for extensions were from the state. I don't have somewhere I can point in the record. That's our best estimate. About 75 percent of the delay as far as extensions and delays was from the state. Well, is it based upon extensions made in response to motions filed by your clients  The one motion that we filed in the interim that I can think of was our motion for summary judgment. I can't think of any additional motions. I wasn't involved at that point. There were a number of motions to reconsider. Motions to reconsider. And the state was obliged to respond to those as well? That's correct. So was how many of or how much of the time was as a result of the state's impetus as opposed to responding to or replying to your motions? Or do you know? I can't say that I know. Okay. If that's a question, I can get back to the court on it. We can file a letter with the details of the procedure. You can't do something outside the record. Is it in the record? Because you seem to be implying the state was not answering ready to go. They were asking for continuances for trial preparation. It seems to be what you're representing. I believe that's what happened. That's my understanding anyway, that there was a lot of delay and that about 75% of it is. In fact, I conferred with my counsel, with my partner, about that question this morning, and that seems to be our best estimate. If you get 137 sanctions, what do you expect to achieve by getting 219 sanctions? Well, 137 sanctions is just another form of sanctions. My point is, do you get multiple sanctions, and to what extent are they? If the failure to supplement was that in 2013 the name was taken off, and the basis for the 137 sanction was that as of 2013, the case had no longer any reasonable viability, are you going to get a double hit, a double recovery? Are you going to get a windfall, or do you get only one or the other, or both? I mean, have you thought about this? To be honest, Your Honor, I don't know the answer to that. It is two separate violations, so I suppose we could get two separate sanctions. But you're seeking both? We're seeking both. For the record? We're seeking both. But I don't know the answer to that. Well, let's assume that the 219 sanctions, what would the elements be? I can understand your argument that under 219 maybe there should be attorney's fees from the violation date of the 219 sanction, but then if supposedly you're entitled to attorney's fees for the 137 sanction, you're not entitled to double recovery of your attorney's fees. Well, attorney's fees is one thing, and sanctions are another thing. I think we are entitled to attorney's fees from 2013 onward, and then sanctions is a penalty. It's not attorney's fees. It's a penalty. It's something in the nature of liquidated damages, so to speak? Well, it's in the nature of a punitive. We're going to punish you for not following the rules. As you follow the rules, we would have saved all this time and court expense and all that. So I do believe we have attorney's fees, and I do believe we get sanctions on top of that. I see my time is up. Thank you, Your Honors. Thank you. You'll have an opportunity to make rebuttal. Ms. Baxter? Good morning, Justices. May it please the Court. I think that the central question here today is have the appellants sustained their burden? Have they shown that the way that the trial court, both judges, conducted this case through the pendency of the proceedings in the trial damaged them, prejudiced them? And if so, to the point that that worked an injustice that requires appellate relief? And I think the answer to both of those questions is no. I think that the central argument for appellees today is that there was no substantial burden, either in the threat of an injunction or if an injunction had issued. You heard his argument. He's referring to a general chilling effect, so to speak, on the religious activities. Tell us why there was no chilling effect on their activities. I think it's relating to the two points. The first is that the request was very limited in terms of scope and time. If you look at the activity that appellants were wishing to engage in that they supposedly couldn't engage in due to this threat, it was random occurrences. They indicated in their testimony that they were not going to go out and seek other Latin kings at places where they knew Latin kings would be out in public, but that if they happened to run into them in the store or somewhere on the street, that they wanted the ability to communicate with them without perhaps being seen by a police officer communicating with them. If their stated mission is to convert as many Latin kings gang members as possible, the impact of not being able to have these random chance encounters is not a substantial burden. The fact that the requested injunction was to keep them from congregating outside in public in Elgin, with other Latin kings gang members, it could never reach the level of a substantial burden. Relative to reaching people outside of their bailiwick, what information is available to them to locate these other Latin king members? Is there a directory? How are they supposed to locate these people? In terms of converting people outside of Elgin King County, I think that it's not necessarily the people who are located outside of King County, it's that the meeting would occur outside of King County, Elgin King County. And I also think that that was the requested injunction. I don't think there was anything preventing them from meeting with Latin kings in Elgin King County during the pendency of suit. I thought there was some indication that once a Latin king, always a Latin king, and excommunicated Latin kings were not supposed to have any contact with Latin kings. And it might result in either bodily harm or loss of life if they contacted people who were not their old friends or ex-friends. And so what you're suggesting to me seems somewhat counterintuitive to the extent that if I were an ex-member of a Latin king, I might reasonably believe that if I made or attempted to make contact with Latin kings that I didn't know and attempted to proselytize that they might do me harm. Does that not seem a probable resolution of any attempts to go outside and deal with proselytizing with gang members that don't know me? I think you made a good point, Justice. I think that the testimony of the appellants would point to the fact that they did wish to evangelize to members of gangs outside of just the people they knew. They made a lot of references to evangelizing at schools and that one of the first members that they converted was actually, I believe, a maniac Latin disciple, so not a member of their own gang. They also discussed that they did have fear of retribution, they did have fear of violence, but that did not keep them from going out and attempting to spread their word. And I think the point that I'm trying to make is that the threat of this injunction, as they're calling it, should not and did not keep them from communicating with, number one, other people. Number two, with the people that they did know in Elgin, King County, in other ways outside of in public. Do you have a specific case or cases that you're relying on that's analogous to this situation? Do you have a best case that underscores your point here? Related to the fact that this is not a substantial burden? In the context of gang activity, in the context of this case. I do not. I would be happy to do research and supplement the argument. Was this a case of first impression, in your opinion? I think that the interplay between, if we're going to call it IRFRA and ISAPA, I think that is a case of first impression. I think that the issue before the court really needs to be split into two issues, and that is the difference between a protected action that would be a violation of the statute, the Gang Act, and the difference between whether a protected action is a violation of the requested remedy. In seeking to determine whether there was a violation of the Gang Act, we're looking at whether that is a substantial burden on someone's religious activity. In order for that to be the case, the religious activity has to relate to the underlying act, the underlying violation. So gang membership itself would have had to have been the proposed religious activity that ISAPA was attempting to prevent. But really what Appellant's argument is, is that this proposed remedy of an injunction is the issue in terms of the substantial burden on their religion. We've been talking about substantial burdens. It comes to mind, and the defense counsel alluded to this, is there an element of prejudice that has to be shown to establish a violation of the statute? Is there a specific element that they need to establish? I think counsel did have it right. There is no defined substantial burden. So prejudice really is not part of the analysis, is it? I mean, can you defend on the grounds that they didn't show specific prejudice? Do they have the document yet? No, and I think that they haven't. I think that there are many other ways that they could have gone about the stated mission of converting people away from gangs that did not relate to any of the stated purposes of the requested remedies. What about opposing counsel's statement that when they were at the funeral proselytizing, that that was supposedly referenced by the state as indicia or evidence that they were number one gang members and that number two, an injunction should be entered against them? I think that's a matter of perspective and a matter of timing. So at the time that Elgin Police Department had set up surveillance outside of the funeral of Oscar Hernandez, there was no information presented by appellants. No one had come into the police department to say, Please don't consider me a gang member anymore. I wish to evangelize. I wish to convert. I understand that the argument could be made, Well, we know now that that would be futile because Elgin Police adheres to a strict two-year inactive status and two-year expungement status. I think that had they known that, perhaps the activity would not have been seen the way it was seen. I also think that there's an equally reasonable interpretation of their appearance at the funeral, which was what was argued. It wasn't what ultimately Judge Ackman found, but the reasonable argument is that if you are not a gang member anymore, you would be in fear of your safety, you would be in fear of retribution, and you would not show your face at the funeral. What exactly was the relevant probative evidence relating to the funeral that would establish the right to injunctive relief? I think that it doesn't rest solely on the funeral itself. Our request for a remedy, and I think that the basis for us determining that, and by us I mean the Elgin Police Department, determining that these gentlemen were gang members and therefore in violation of the act and therefore... But aren't you essentially saying that we didn't overhear? We didn't have a videotape with a lip reader. We are extrapolating and rationalizing based upon their association with known gang members at a funeral, which is somewhat different than arguing that this is probative and therefore it should be admissible as evidence. It's one thing to suggest that they were there and you overheard them, and you overheard them talk conspiratorial things. It's another thing to say that guilt by association or mere association at a funeral is evidence of guilt. And in your response, that seems to be what you're arguing, or at least replying to me, and that is that this is not a chilling effect, even though they attended a funeral and we didn't have any affirmative evidence, any relevant or material evidence other than guilt by association. I don't think that it's necessarily a guilt by association. I think that the factor is the fact that they were present and welcome at the funeral with other Latin kings. I mean, there's something to be said for what the Elgin Police Department can learn about gang activity from the outside. All right, so you're not saying, Deputy Chase, that the mere presence at a funeral of a gang member in and of itself establishes some kind of gang activity, correct? Correct. You're saying you've got to consider the whole context. Correct. Let me ask you about sanctions. I think that's certainly an interesting issue in this case. When did the plaintiffs, the city, the state police department, when did they decide that the defendants in this case were no longer active gang members? So if we go back to Detective Woloff's deposition testimony, he indicated that at the time of the deposition the defendants were considered on inactive status. And he gave the 11-factor analysis as to why that is, the three factors. All right, but what date was that? What date was that? His deposition was in 2012. Okay, so litigation then went on for another four years after that. Yes. So if a plaintiff pursues litigation after it's no longer grounded in law and in fact in increased costs and resources, is that not sanctionable under the case law? So I think that it was still grounded, and I do think that there were still compelling reasons to go forward. Tell us why it's grounded if they've listed him as inactive, listed them as inactive. I think that the status of inactive is sort of an internal barometer of where the police department was in their ability to categorize these persons as gang members. The police department's categorization is fluid. It's not static. They're on the outside. They're not on the inside. Appellants' view of whether they are or aren't a gang member changes from one day to they're not the next day. So could they never ever become non-gang members? Is that your argument? No. So the Elgin Police Department has a very clear, structured analysis to this. Described it, it's that they have to see at least three factors of gang membership in a two-year period. If they don't see those three factors, then they list them internally as inactive, but they're still considered gang members, members of the Latin Kings. It's just that something hasn't popped up on the radar screen that the police have been able to know about. Then there's a two-year period where if there's no indication whatsoever, after that period they can be purged. That entire process was described in detail in Detective Bullock's deposition testimony, and he predicted that they wouldn't be purged in the next year or so in that testimony. Well, then why was litigation, why was an injunction continued to be sought under all of your criteria? It's going the other way. On what basis are you getting an injunction? I think that the purpose of the injunction at that point is twofold. The statute allows you to seek remedies for past violations. I know that a lot of discussion was had about being actually and in fact a gang member, but if you look at the Gang Act, it talks about whether you are having participated in actions. I think that in order to proceed, it's the past actions that you're looking to ameliorate. If I may, an example, a domestic violence order of protection. There are compelling public policy reasons why a victim of a domestic violence situation would be allowed to get an order of protection in the heat of the moment after being physically or emotionally abused. That order of protection by law is allowed to extend if the person is convicted to two years past the end of their MSR date. That is not because the state is proving that there is ongoing evidence of violence or emotional abuse. It's a boundary measure. It's a safety measure. You're talking about a case in that instance you've already had the order entered, correct? In that case, yes. In this case, was there an injunction entered? No. Okay. So again, how long would the lawsuit be able to go on if, in fact, they're no longer active gang members? You seem to be saying that you were still entitled to get an injunction the day of the trial, even though there was no evidence they were engaged in gang activity. Isn't that your position? Yes. I think that the risk doesn't debate. And I think that had the trial court gotten to the point where it was fashioning a remedy, it would have fashioned a remedy that was appropriate in time and place. If you look at the agreed settlements that were entered, they were entered for three-year periods. So there was an end date to the attempt to curb this behavior. And I think that if you look at a reason why we would want an injunction against these appellants at the date of the trial,  I understand that trial counsel made a strategic decision in their rebuttal argument to say we're not seeking damages, we're not seeking anything further. But certainly that was a portion of the relief that we were seeking in the complaint. But related to the injunction itself, I think there still is a safety issue in the community because if Latin kings are congregated on the street and these appellants are approaching them to evangelize, I don't think there's anything that would stop a rival gang, under the wrong circumstances, from seeing that grouping and starting violence. The rival gang is not going to say to themselves, they're preaching the gospel. So if you've been granted the injunction at the day of trial, it would have been based on a perspective. They might resurface as active gang members. I'm trying to pin down exactly what that injunction would have been based on at the day of trial. What would have been the grounds for it? I think the grounds for it is the overall safety of the community. The potential problems, not actual problems at that time. Correct. I'm talking about potential problems. Correct. And I think that we could never seek an injunction or seek any enjoining remedies if that was the case because any time that we would bring a suit such as this, people would conform their behavior to the standard and then say that no remedies could be issued. Do you have any case law that supports your argument that it would be operational prospectively, even though the parties at the time it would be entered were no longer gang members? Do you have cases on point to support that? I don't have any cases particularly on that point. I think that it does go back to what Judge Ackerman cited in his motion for summary judgment and the reason why a change in circumstances does not keep this action from moving forward, which is the doctrine of laches, not applying to the state except for in extraordinary circumstances, and him not finding extraordinary circumstances in this case. But certainly if he had gotten that far, I think it's very clear from his order in the motion for summary judgment and his bench trial order that he had no intention of issuing a remedy that would have in any way violated the civil rights of these appellants. Is there such a thing as a non-gang member or a retired gang member or a member of a gang who has left the gang and is no longer deemed to be an actual or factual gang member? I'll explain where I'm coming from. The term inactive gang member doesn't mean much to me. I don't know what it means. And the reason why I don't know what it means is this is a binary question. Either you are a gang member, in fact, or you're not. You're not inactive. You're not transgender. In other words, what if this person decided to change their sex and remain a gang member? Would that have any difference? No, because they would still be, in fact, a gang member. But if they're inactive, does that mean that they're no longer a gang member or does it just mean that they're a gang member on hiatus and they are factually a gang member? It seems to me your argument is because they were called inactive as opposed to excommunicated or retired or withdrawn or expelled or excommunicated that they're still subject to this law. So I don't wish to make that impression, Your Honor, that that's the argument that I'm making. Calling them inactive was an internal determination by the police department. I think this relates to the difficulties that people on the outside of the gang have determining who is and who is not a gang member. I mean, there's a very big difference between being on the inside of gang life and being on the outside. The Elgin Police Department is on the outside. They are using every surveillance and law enforcement technique that they can and relying on this 11-factor analysis to determine gang membership. There's no roster. This is not a community service organization where you could have the secretary come in You know, I understand exactly what you're saying from a practical matter. It has a lot of appeal with your arguing. But the point is, for purposes of enforcing a statute, you probably have to acknowledge that there has to be some criteria. And obviously it relates to the police make the decision when you have felony trials, and I had a number of those where a gang expert comes in, and there's criteria that establishes to the satisfaction of the law whether somebody is, in fact, at that time a gang member. Wouldn't that same criteria have to be used at some point to decide if somebody is a gang member in context of this litigation? Otherwise, what you're saying is, once a gang member, an injunction could be entered years later. So I think that they did apply that criteria, and they did determine that the four felons were purged from their gang list. So they were not gang members in the opinion of the police department of the city of Elgin, correct? Correct, at the time of the trial. So how could you get an injunction if they were not only enacted but they were purged, they were not considered gang members? The statute talks about having participated in gang activity. It also talks about a coarser pattern of gang activity, and that coarser pattern is past behavior. It necessarily has to be past behavior where people would always conform their behavior and no remedy could be sought. The statute talks about you have to have at least one instance of gang crime after the initiation of the Gang Act, and then another instance within five years. I think that the record shows that we presented evidence of that related to the appellants, and I think that the request for the injunction, it's not to brand them as Latin kings and say, you're a Latin king, stop associating with Latin kings. At the point of the trial, the point was to prove a violation of the statute at the time the complaint was filed and seek an appropriate remedy. And so the remedy that we were seeking was for the safety of the community. We don't want you out congregating with other Latin kings. I think the other issue is that if Latin kings are congregating in violation of the Gang Act, there can't necessarily be a religious freedom violation because the underlying people you're trying to evangelize to were not supposed to be there. But how does this tie into the issue of sanctions? Because what you're saying is, isn't the other side entitled to know that the plaintiff has now decided that they were not gang members? Isn't it relevant to this case? And if it is, why was it not disclosed until the eve of trial? So I think that the record is silent as to the knowledge of the State's Attorney's Office that the Elgin Police Department gang unit made this determination. I also don't know where in the record that appellants are finding this eve of trial issue because when I reviewed the record, this issue is brought up in a motion in limine orally before the court on the first day of trial by appellants' counsel. They bring it up because they were seeking a current membership roster by the Elgin Police Department. Naturally, the Elgin Police Department does not want to give over everyone it considers to be a current gang member. And so we filed a motion to quash. If you had to specify a date when you believe that the defense was put on notice of the internal decision on the Elgin Police Department, when would that have been? So I think there's two dates. I think that Detective Wolff's deposition testimony in 2012 laid it out clearly that you will not be considered gang members any longer in approximately a year to two years from that time period. So that brings us to what year? 14? When is that? 2013 to 2014. 2014, okay. And then I think that at trial, we have to look at how this information was presented. Well, when that decision was made, as you say, in 2013, 2014, you seem to be suggesting or acknowledging that it was not, in fact, updated and communicated to defense counsel. Is that correct? The actual date when the purge occurred was not specifically written down and communicated to defense counsel, no. But I think that in looking at whether this was a discovery violation and whether sanctions are necessary in this case, you have to look at then how is the information used during the trial. The state didn't ask this information of Detective Wolff on direct examination. In fact, it was none of the basis of our case related to their current gang membership. I think for a lot of the arguments that I've already made, it only came out on cross-examination and appellant's attorney asked that question. The motion eliminating prior to the trial beginning, the appellant's trial counsel stated that they were looking for the current gang roster because the gang roster is currently situated, which I believe shows they're no longer on it. Then on cross-examination, appellant's attorney asked Detective Wolff, they're not still on the gang roster. Is that true? And he said no. And as of what date? 2013 to 2014. It was being used by appellants to bolster their position that no injunction should be issued. So this information was known to them. It was not a surprise. It came from the deposition testimony of Detective Wolff. When was the deposition taken? 2012. But at that point, the process wasn't completed. They were not, in fact, off the list, were they? Correct. And that was later. Correct. And there's no paper trail saying that that was communicated to the defense. Is that correct? Correct. Mr. Lay, you said that the trial court made a finding that the defendants were not gang members on the date that the condition was filed. Do you agree with that or disagree with that? I would disagree with that. I believe that Judge Ackman's finding was related to the totality of the evidence of whether they were gang members after the fact and not related to whether we had a basis to file the complaint and carry it through. I believe that Judge Ackman, he used a different standard than the Elgin Police Department used. He used a totality of the evidence standard because he had hindsight, the value of hindsight, and he had the value of defendants' full trial testimony. Elgin Police Department's determination that these gentlemen were gang members at the time of the complaint was the totality of the circumstances based on what they could glean, and they couldn't use defendants' or appellants' self-serving affidavits in the same way that we couldn't use Detective Wollett's affidavit to simply prove that they were gang members on that date. And I don't think that Judge Ackman's totality of the evidence standard in any way indicates or should indicate to this Court that we didn't have a good faith basis to bring the action or a good faith basis to carry it out. I thought I heard him conceding, and I'll ask him again, in his opening argument, he was not challenging that they were gang members, that they were not gang members when the suit commenced. Did you hear that? I think that their position all along has been that they were not gang members several years prior to when the suit commenced. Right, but not at the initiation of the lawsuit. I didn't hear him challenging that finding, did you? He was not challenged that in relation to, I believe, the 2019 sanctions, but I do believe that the other case law that he cited, the World Religions v. Chicago, and related to whether this was infringing on their rights, I believe that argument, they were making that all the way back. They did make that argument, correct. What's your definition of hindsight? I think that in this particular situation, the fact finder has the ultimate hindsight. Judge Ackman was able to hear the testimony. He was the judge that read through the motion for summary judgment, so certainly he did have some of the facts before he was the fact finder at trial, but he also was able to enjoy the ability to determine the credibility of all the witnesses and heard their full trial testimony, and that's what he based his decision on. So I think that is what I mean by hindsight. There are 11 criteria, are there not? Yes. How many of them, if you recall, are hearsay? There appears to be at least one hearsay that constitutes an admission, and that would be a statement by the defendant that he or she is a gang member. Is that correct?  They could be lying. They could be confabulating. They could be attempting to claim some status, some courageous brevity that doesn't exist. Correct. How many of them are based upon public records, such as criminal convictions, indictments, and so on and so forth? So I don't think that there are any that are based solely on the fact that you've been convicted of a crime, but I think if you are convicted of a crime that's gang-motivated, or if you are convicted of a crime when you are in the presence of other gang members, or if you are establishing other gang involvement during the commission of the crime, so you're using gang symbols, you're using gang threats. This is a case, in your mind, of first impression, is that correct? Yes. And based upon the trial court's ruling and possibly the opinion or disposition issued by this court, do you think it might be possible that the criteria that the police use might be reformulated to be a little bit more based on fact and not based upon hearsay or speculation? I believe one of the criteria was based upon information from unreliable sources that someone is a gang member is a criteria. I've never heard of such a criteria establishing anything other than the fact that it's rank hearsay, and it may even be secondary or tertiary hearsay. So what I'm suggesting, without bordering, that maybe the criteria that the Elgin police uses should be reviewed with a serious consideration to use what, at least in hindsight, by a trial court, is deemed to be competent evidence. I think I understand your argument and your statements. You're not in your basis. I think that the reality of gang life and the reality of... I'm suggesting to you that if the police department can use its own criteria to determine whether it wants to surveil or it wants to indicate to its officers, beware, this may be a gang member. But before you file a lawsuit establishing the fact that you're going to seek injunctive relief based upon the criteria that police officers use on their daily beat, you might consider that maybe some of the criteria do not establish probable cause, don't even establish preponderance of the evidence that would entitle someone to an injunction. Yes, sir. Thank you. Any other questions? No. Thank you. Just briefly, Your Honors, there is no... Can you pin down the initial question? I thought they had asked you whether or not you were challenging the argument that they were not gang members when the suit commenced, and I thought you said you were not challenging. We are not challenging. We're not seeking sanctions for the initial filing of the suit. We're seeking sanctions after 2013 when they knew that they were removed from the gang life. That's what I thought you said. Yes. Okay. And I do want to quote from the State's brief, the judge's findings. This is what the State says on page 17. Judge Ackman determined plaintiffs did not sustain their burden factually, i.e., failed to prove that defendants were gang members as of the date of the complaint. So the State in its brief concedes that there was a factual determination that at the time of the complaint they were not gang members. I do want to point out that you don't have to show prejudice or even intent under a substantial burden analysis. It's an impact statute. You just have to show that there was an impact, a substantial burden, which we've shown in different ways, the chilling effect, having to defend the lawsuit for additional years. We didn't talk about this, but shutting them out of schools, the surveillance, the harassment. The second point is not only were they not on the inactive gang list at the time of the trial, they were not on any list. So there was an inactive gang list, an active gang list, and they were removed from both lists. And how did you find out that they were removed again? How did you find out? Before trial. Give me the circumstances. How did you find out? I believe I might be mistaken, but it was, I don't know if it was a motion in limine or you made a request. It all happened right before trial as we were doing our prep. That's when we found out. Could it be that you asked for a roster and they said we don't have a roster, but in response thereto they aren't on the roster, so therefore the roster wouldn't establish anything? It might have been something like that, Your Honor. And I do want to point out that the Gang Act requires one to be presently in a gang. It only applies to gang members, and a gang member is defined as one who actually and in fact belongs in a gang in the present tense. And we've also pointed out that an injunction by its very nature is forward-looking. It's not used to punish past behavior. An injunction, this is the case law, this is how injunctions work, look forward to the future, not back. What about her argument that this is analogous to the order of protection, that it is in fact future to prevent future harm to the public? How do you respond to her argument? Well, after all these years, any basis for an injunction, any idea that something like this could be repeated just loses credibility. They were on the inactive list for two years and then on no list for an additional four years. So that's six years of no gang activity. Any basis that you can go back and get an injunction for that has evacuated by that point. The state does bring up the issue of latches. I don't think that applies here. Latches has the state waited too long to seek an injunction. That's not the question here. The question here is do you still have a basis to seek an injunction four years after you've already removed them and they are not actually in the gang and the act requires them to be actually in the gang. I do want to point out that Detective Wallach's position in 2012 did not say that the felons will be removed. It just explained the process of how a purge occurs. Detective Wallach did not say that we're going to remove you in two years. He just said here's how purging works. Well, if he said that, that would support their case. Well, no, because the fact that he would continue four additional years seeking an injunction, it was indicative of the fact that they were still alive. No, but it helps their argument the time it was filed because you now conceded that he testified they were not removed at that point. They were not removed. And the fact that they still pursued an injunction against us was telling us that we were not removed. Because if they were removed, there's no basis to seek an injunction. And there was a basis for filing a 219 supplement. Correct, correct. And the last thing I want to say is there was some illusion about the danger of witnessing to these people. There was danger. These people, these appellants risked their lives to tell people about Jesus, to bring people out of gangs. It was a dangerous activity, and they succeeded. They brought some of these gang members out of the gangs. The memberships were low, and these people should be applauded, not prosecuted. If there's no other questions, I think that will be it from the appellants. I have no questions. Thank you. We have other cases on the call. There will be a short recess.